<hr />

## CURRAN ET AL. v. CLIFFORD.

DAMAGES—BREACH OF CONTRACT.
　　Where the evidence tends to show the plaintiff's right to damages sustained by reason of being prevented from performing his contract, it is error to enter a nonsuit.

*Appeal from the County Court of Arapahoe County.*

Mr. THOS. F. ASHWORTH, for appellants.

No appearance for appellee.

THOMSON, J., delivered the opinion of the court.

In the latter part of August, 1893, the appellee contracted with the appellants to roof a building for him on Market street, Denver. By the terms of the contract the roof was to be of gravel, and to be made three-ply. The work was to be done in a first-class manner, and guaranteed by the appellants for five years. The price agreed upon for the job was $237. Appellants made an agreement with a Mr. Githens to do the work under their supervision, and in conformity with their instructions, for $158. The appellants had selected the material for the roof and commenced work, and Mr. Githens had brought two loads of gravel to be used on the roof, when the appellee ordered the work stopped, saying that he had let the contract to another party, and refused to permit them to proceed further. He gave no reason for this action except that he objected to Mr. Githens. They accordingly left and did not return.

The appellants brought this action before a justice of the peace to recover the damages sustained by reason of their being prevented from completing their contract, and recovered judgment for $79.00. The defendant appealed to the county court. The evidence for the plaintiffs at the trial there disclosed the facts as we have stated them, and also showed that the plaintiffs had sustained substantial damage; and upon that evidence the court, at the defendant's instance, gave judgment of nonsuit in his favor.

The record does not advise us why the nonsuit was granted. Probably the court accepted the reason given by the defendant in his motion, which was that the evidence disclosed a contract between the parties requiring the personal services of the plaintiffs, and which was not a contract that could be turned over to somebody else to perform. The evidence does not disclose such a contract, and the work was not turned over to somebody else to perform, except under the

supervision and direction of the plaintiffs.   Upon the evidence as it stood the plaintiffs were entitled to judgment, and if there was any reason why it should not be given, the defendant should have been required to show it.

The judgment will be reversed.

*Reversed.*